FILED-ED A UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

12 JAN 21 PM 2: 57

U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| DOMINICK'S FINER FOODS, L.L.C., | ) |
| | ) |
| Defendant. | ) |

04C 0471

JUDGE GRADY,
MAGISTRATE JUDGE DENLOW

## NOTICE OF LODGING OF CONSENT DECREE

Plaintiff, the United States of America, hereby notifies the Court that it is lodging with the Court today, to be held pending completion of the public notice and comment process mandated by 28 C.F.R. § 50.7, a Consent Decree that will resolve the United States' claims in this action against defendant the Dominick's Finer Foods, L.L.C. (Dominick's). The United States states as follows:

1.      This is a civil action brought on behalf of the Environmental Protection Agency (EPA) under the Clean Air Act (the Act), 42 U.S.C. § 7401 et seq., seeking civil penalties and injunctive relief against Dominick's for violations of the Stratospheric Ozone Protection provisions of the Clean Air Act and of EPA's commercial refrigerant leak repair and record-keeping regulations at twenty-nine Dominick's stores in the Chicago, Illinois area.

2.      Prior to engaging in any litigation, the United States and Dominick's have entered into a proposed Consent Decree that, if approved by this Court, would settle the claims in this action. The original of the proposed Consent Decree is attached. In the proposed Consent Decree, Dominick's agrees to (1) replace or retrofit all commercial refrigeration units (units having a charge of more than 50 pounds of refrigerant) in the twenty-nine stores within two years to use only non-

1



ozone depleting refrigerants; (2) in all stores that it constructs in the future, use only non-ozone depleting refrigerant systems; (3) participate in an EPA study of refrigeration systems in the food industry; and (4) pay a civil penalty of $85,000.

3.     In accordance with 28 C.F.R. § 50.7, the Department of Justice will publish in the Federal Register a notice of the lodging of this proposed Consent Decree. The notice will solicit public comments on the Consent Decree for a period of thirty (30) days from the date of publication. After the close of the comment period, the United States will evaluate any comments received and will advise the Court as to whether the United States requests that the Consent Decree be entered.

Based on the foregoing, the United States requests that the Court take no action with respect to the lodged Consent Decree until the United States requests entry of the Decree or otherwise advises the Court.

Respectfully submitted,

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

William D. Brighton
Assistant Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530
(202) 514-2244

PATRICK J. FITZGERALD
United States Attorney
Northern District of Illinois

By: _____
JONATHAN HAILE
Assistant United States Attorney
219 South Dearborn Street
Chicago, IL 60604
Telephone: (312) 353-1996

OF COUNSEL:
Cynthia King
Office of Regional Counsel
U.S. Environmental Protection Agency
  - Region V
77 West Jackson Boulevard
Chicago, Illinois 60604

Dated: January 21, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,           )
                                    )
                                    )
              Plaintiff,            )
                                    )
        v.                          )   CIVIL ACTION NO.
                                    )
                                    )
DOMINICK'S FINER FOODS, L.L.C.,     )
                                    )
              Defendant.            )
                                    )

## CONSENT DECREE

### I. BACKGROUND

A.  Plaintiff, the United States of America (Plaintiff or the United States), on behalf of the

United States Environmental Protection Agency (EPA), has filed a Complaint pursuant to

Section 113 (b) of the Clean Air Act (the Act), 42 U.S.C. § 7413(b), for civil penalties and

injunctive relief against Defendant, Dominick's Finer Foods, L.L.C. (Dominick's), for alleged

violations of the commercial refrigerant repair, testing, recordkeeping, and reporting

requirements at 40 C.F.R. Part 82, Subpart F, §§ 82.150 - 82.166, promulgated pursuant to

Subchapter VI of the Act, 42 U.S.C. §§ 7671 -7671q.

B.  Subchapter VI of the Act, 42 U.S.C. §§ 7671 -7671q (National Recycling and

Emission Reduction Program), implements the Montreal Protocol on Substances that Deplete the

Ozone Layer, and mandates the elimination or control of emissions of substances which are

known or suspected to cause or significantly contribute to harmful effects of the stratospheric



ozone layer, referred to as class I and class II substances. Section 608(a) of the Act, 42 U.S.C.

§ 7671g(a), required EPA to promulgate regulations to reduce the use and emission of such

substances to their "lowest achievable level" and to "maximize the recapture and recycling of

such substances." EPA promulgated those regulations which are codified at 40 C.F.R. Part 82,

Subpart F, §§ 82.150 - 82.166, (Subpart F Regulations) on May 14, 1993 (58 Fed. Reg. 28,712).

C. Dominick's is a Delaware limited liability company. Dominick's is a retail grocer

and owns and operates retail grocery stores in the State of Illinois.

D. Dominick's is, or at all times relevant to this matter was, the owner and operator of

the 29 facilities listed in Appendix A (the 29-Facilities) each of which has one or more

commercial refrigeration units normally containing 50 pounds or more of "class I or class II

substances" as that term is defined by Section 602 of the Act, 42 U.S.C. § 7671, and 40 C.F.R. §

82.104.

E. The United States contends that Dominick's violated the Subpart F Regulations at one

or more of the 29-Facilities by, failing to: (i) timely repair commercial refrigeration equipment

venting class II substances at an annualized leak rate greater than 35%; (ii) prepare a written plan

to retrofit or retire excessively leaking equipment; (iii) complete the retrofit or retirement of

leaking equipment; and/or (iv) comply with recordkeeping and reporting requirements regarding

such matters as the dates and types of service or repairs to commercial refrigeration equipment,

the amount of refrigerant added, leak rates, methods used to determine leak rates; location and

extent of leaks, etc.

F. By entering into this Consent Decree, Dominick's does not admit the violations

alleged in the Complaint or the allegations of the United States as set forth above and denies

2

having violated the Act.

G. The United States and Dominick's have agreed that settlement of this action is in the best interest of the parties and in the public interest, and that entry of this Consent Decree without further litigation is the most appropriate means of resolving this matter. The United States and Dominick's consent to the entry of this Consent Decree without the trial of any issues.

NOW THEREFORE, with the consent of the parties, and without the admission of the violations alleged in the Complaint, it is hereby ORDERED AND DECREED as follows:

## II. JURISDICTION AND VENUE

1. The Complaint states a claim upon which relief can be granted against Dominick's under Section 113 of the Act, 42 U.S.C. § 7413. This Court has jurisdiction over this action and the parties hereto pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), and 28 U.S.C. § 1345. Venue is proper in this judicial district pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b), and 28 U.S.C. § 1391(b).

## III. APPLICABILITY

2. The provisions of this Consent Decree shall apply to and be binding upon the United States, Dominick's, and Dominick's officers, employees, agents, successors, and assigns.

## IV. PURPOSE

3. The purposes of this Consent Decree are to: (a) further the goals of Subchapter VI of the Act, 42 U.S.C. §§ 7671-7671q, and EPA's Subpart F Regulations by reducing or eliminating the emissions of substances known to or suspected of destroying the stratospheric ozone layer; and (b) resolve Dominick's liability for civil penalties and injunctive relief for all violations alleged in the United States' Complaint at the 29-Facilities, which are generally described in

3

Paragraph I.E. above, through the date of lodging of this Consent Decree.

## V. DEFINITIONS

4. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in Subchapter VI of the Act, 42 U.S.C. §§ 7671-7671q, or EPA's Subpart F Regulations, shall have the meaning assigned to them in Subchapter VI of the Act or EPA's Subpart F Regulations. Whenever terms listed below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

a. "Dominick's" or "Defendant" means the Defendant Dominick's Finer Foods, L.L.C. and any of its successors or assigns.

b. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "EPA" shall mean the United States Environmental Protection Agency and any of its regions, successor departments, agencies or instrumentalities of the United States.

e. "Commercial Refrigeration System(s)" shall mean any appliance containing fifty (50) or more pounds of class I or class II substances as defined by Section 602 of the Act, 42 U.S.C. § 7671, and 40 C.F.R. § 82.152, which are used to chill product display cases.

f. "Non-Ozone Depleting Refrigerant" shall mean any refrigerant which is not regulated under Subchapter VI of the Act, 42 U.S.C. §§ 7671-7671q, or EPA's Subpart F Regulations, as a

4

class I or a class II known or suspected ozone-depleting substance, with such regulatory classification determined as of the date a Commercial Refrigeration System is converted to use a "Non-Ozone Depleting Refrigerant" pursuant to the terms of this Consent Decree.

g. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

h. "Parties" shall mean the United States and Dominick's.

i. "Plaintiff" shall mean the United States of America.

j. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

k. "29-Facilities" shall mean those facilities listed on Appendix A to this Consent Decree.

l. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## VI. COMPLIANCE AND INJUNCTIVE RELIEF

5. Dominick's shall retrofit each of the Commercial Refrigeration Systems listed in Appendix B with a system that uses Non-Ozone Depleting Refrigerant, by no later than two years from the effective date of this Consent Decree. All refrigerant removed from the retrofitted Commercial Refrigeration Systems shall be either sent for destruction in accordance with the provisions of 40 C.F.R. § 82.104(h), or reclaimed as defined in 40 C.F.R. § 82.152, by a certified reclaimer as defined in 40 C.F.R. § 82.164. If Dominick's retires a Commercial Refrigeration System, Dominick's shall not use any of the retired units within any of its other stores (except with Non-Ozone Depleting Refrigerant) and all refrigerant from the retired units shall be either sent for destruction in accordance with the provisions of 40 C.F.R. § 82.104(h), or reclaimed as

defined in 40 C.F.R. § 82.152, by a certified reclaimer as defined in 40 C.F.R. § 82.164. Six (6) months after the effective date of the Consent Decree, and then again at six (6) month intervals until completion of replacement of all Commercial Refrigeration System listed in Appendix B, Dominick's shall submit to EPA, at the addresses specified in Paragraph 35, a verified report identifying each retrofit that has been completed, a description of the new equipment, the type of refrigerant used in the new system, and documentation showing that the refrigerant from all retrofitted or retired units was properly destroyed or reclaimed.

6. Dominick's shall only install commercial refrigeration units that use an EPA-approved Non-Ozone Depleting Refrigerant in any new stores it constructs and/or opens after the effective date of this Consent Decree.

7. Within thirty (30) days of the effective date of this Consent Decree, Dominick's shall prepare and submit to EPA a Refrigerant Management Compliance Plan directed at assuring future compliance with the Subpart F Regulations at all of its facilities. The Refrigerant Management Compliance Plan shall address compliance at both stores that use a class I or class II refrigerant and stores that use Non-Ozone Depleting Refrigerant. Dominick's Refrigerant Management Compliance Plan shall be subject to EPA's review and approval under Paragraph 10. Upon approval of the Refrigerant Management Compliance Plan by EPA, Dominick's shall implement the Refrigerant Management Compliance Plan.

8. All of the 29-Facilities shall assess their building's performance in the EPA Energy Star Building Program. Once all the 29-Facilities are ranked, Dominick's shall provide the cumulative results showing all rankings achieved by its stores and the number of stores at each ranking. Within ninety (90) days of the effective date of this Consent Decree, Dominick's shall

6

submit this required ranking.

9. Dominick's shall provide to EPA the following information:

(a). from two (2) representative Dominick's DX and two (2) representative Dominick's secondary loop stores, selected with EPA's approval, on a quarterly basis, separated out by months, for the twenty-four (24) months immediately preceding the effective date of this Consent Decree and for the following twenty-four (24) months beginning with the month in which this Consent Decree became effective: (i) refrigerant type and full charge and, if applicable, secondary loop fluid type and full charge for all refrigeration systems, separated out as much as possible (e.g., by stand-alone cases, DX low-temp systems, DX medium-temperature systems, secondary loop systems, etc.); (ii) if any changes to equipment or refrigeration systems occurred during the reporting period, indicate the change and how it affected type and charge of refrigerant and secondary loop fluid (e.g., equipment was decommissioned and removed, reducing charge by "xx" pounds, equipment was replaced with lower-charge unit, reducing charge by "xx" pounds, new cabinet was added to DX loop, increasing charge by "xx" pounds etc.); (iii) energy usage separated out by refrigeration system (e.g., DX and secondary loop) and separated out from other energy usage such as comfort cooling, lighting, etc. or a description of equipment and the manufacturer's efficiency rating for that equipment; and (iv) a description of how in both DX and secondary loop stores Dominick's operates and monitors its equipment such that products are maintained at their proper temperatures, and if different methods are used between low and medium temperature circuits, describe both. This information may be used by EPA to analyze the Total Equivalent Warming Index (TEWI).

(b). From five (5) representative Dominick's DX and five (5) representative Dominick's

7

secondary loop stores, selected with EPA's approval, on a quarterly basis, separated out by months, for the twenty-four (24) months immediately preceding the effective date of this Consent Decree and for the following twenty-four (24) months beginning with the month in which this Consent Decree became effective: (i) for each service event related to the refrigeration systems: amount of refrigerant or secondary loop fluid used in service, again by type and system, description of service, person-hours to perform service, labor costs, refrigerant and secondary fluid costs, and date service was performed; (ii) electricity costs; and (iii) a description of how refrigerant and secondary loop fluid leaks are identified and fixed (i.e., how does Dominick's identify the location of the leak – display case, condenser, compressor rack or piping, and how it is isolated and repaired). This information may be used by EPA to aid EPA in its study and evaluation of secondary loop stores. For the twenty-four (24) months prior to the effective date of this Consent Decree, Dominick's shall submit the required information within sixty (60) days after the effective date of this Consent Decree. For the following twenty-four (24) months, Dominick's shall submit the required information in six-month intervals, with each report due sixty (60) days after the end of the six-month period.

10.    Following receipt of any report, plan, or other submission by Dominick's under this Consent Decree, EPA may do one of the following, in writing: (i) approve all of or any portion of the submission; (ii) approve all or part of the submission upon specified conditions; (iii) disapprove all of or any portion of the submission, notifying Dominick's of deficiencies in the submission and granting Dominick's additional time within which to correct the deficiencies; (iv) modify the submission to correct deficiencies; or (v) reject all of or any portion of the submission. Regardless of EPA's determination, no stipulated penalties shall apply unless

8

Dominick's fails to file any such report, plan or other submission.

## VII. CIVIL PENALTY

11. No later than thirty (30) Days after the effective date of this Consent Decree, Dominick's shall pay to the United States a civil penalty pursuant to Section 113 of the Act, 42 U.S.C. 7413, in the amount of $85,000 (the Civil Penalty) by Electronic Funds Transfer (EFT) to the United States Department of Justice, in accordance with current EFT procedures, referencing U.S.A.O. File Number 2003V01266 and DOJ case number 90-5-2-1-07951. Payment shall be made in accordance with instructions provided by the U.S. Attorneys Office in the Northern District of Illinois. The costs of such EFT shall be paid by Dominick's. Any funds received after 11:00 a.m. (Eastern Time) shall be credited on the next business day. Dominick's shall provide notice of payment, referencing the U.S.A.O. File Number 2003V01266 and DOJ Case Number 90-5-2-1-07951, and the civil action case name and number, to the United States and EPA in accordance with Paragraph 35.

12. No amount of the Civil Penalty shall be deductible or otherwise used to reduce Dominick's federal or state tax obligations.

## VIII. REPORTING OBLIGATIONS

13. By no later than April 1 of each year that this Consent Decree is in effect (reporting dates), Dominick's shall submit to EPA, at the addresses specified in Paragraph 35, a report verified by Dominick's in accordance with Paragraph 34 which provides the following for the twelve-month period that ended one month prior to the reporting date:

     a. A status report regarding all work required under Paragraphs 5, 6, 7, 8 and 9; and

b. An updated copy of the Refrigerant Management Compliance Plan and an affirmative statement regarding Dominick's compliance or noncompliance with EPA's Subpart F Regulations with respect to each Commercial Process Refrigeration System listed on Attachment B which used any class I or class II refrigerant during the prior twelve-month reporting period. After a system has been converted to use a Non-Ozone Depleting Refrigerant, Dominick's shall affirmatively state in each report whether there has been any change in the regulatory status of the system.

## IX. STIPULATED PENALTIES

14. Dominick's shall pay stipulated penalties to the United States for each failure by Dominick's to comply with the terms of this Consent Decree. Stipulated penalties will be calculated as follows:

a. For failure to complete replacement of all the Commercial Refrigeration Systems listed in Appendix B with a new system using a Non-Ozone Depleting Refrigerant within two years of the effective date of this Consent Decree as set forth in Paragraph 5 - $1000 per day per system until the replacement is completed;

b. For failure to file the reports required in Paragraphs 8 and 9 - $250 per day per report due until submitted;

c. For failure to prepare or implement the Refrigerant Management Compliance Plan as required in Paragraph 7 - $500 per day until the Plan has been submitted to EPA for approval;

d. For failure to submit any reports required under Paragraph 13, $250 per day per report until submitted;

10

e. For failure to pay the civil penalty when due as set forth in Paragraph 11, $2,500 per day until paid;

f. For failure to comply with the notification obligations set forth in Paragraph 21 (if invoking the force majeure provisions), $125 per day per report until submitted ; and

g. For failure to certify any report or submission in accordance with Paragraph 34, $125 per day per report or submission until certified.

15. Dominick's shall pay stipulated penalties upon written demand by the United States no later than thirty (30) days after receiving the United States' demand. Stipulated penalties shall be paid to the Plaintiff in the same manner set forth in Section VII (Civil Penalty) of this Consent Decree.

16. The payment of stipulated penalties shall not alter in any way Dominick's obligation to complete the performance of the activities required under this Consent Decree.

17. If Dominick's fails to pay stipulated penalties when due, the United States may institute proceedings to collect the stipulated penalties, as well as interest at the rate established by the United States Department of Treasury pursuant to 31 U.S.C. § 3717 (as of the due date) for any period after the due date.

18. EPA may, in its sole discretion, not subject to judicial review, waive or reduce stipulated penalties as the facts, circumstances, or equities warrant.

## X. RIGHT OF ENTRY

19. Any authorized representative of EPA, upon presentation of credentials, shall have a right of entry upon the premises of any of the 29- Facilities listed on Appendix A for the purpose of monitoring compliance with the provisions of this Consent Decree, including inspecting plant

equipment and inspecting and copying all records maintained by Dominick's as required by this Consent Decree. Dominick's shall retain such records as are required pursuant to this Consent Decree for a period of five years following their creation. Nothing in this Consent Decree shall limit the authority of EPA to require tests and conduct inspections under Section 114 of the Act, 42 U.S.C. § 7414, or any other authority.

## XI. FORCE MAJEURE

20.     "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Dominick's, its contractors, or any entity controlled by Dominick's that delays or prevents the performance of any obligation under this Consent Decree despite Dominick's best efforts to fulfill the obligation. "Best efforts" include using best efforts to anticipate any potential force majeure event and to address the effects of any such event (a) as it is occurring and (b) after it has occurred, such that the delay is minimized to the greatest extent possible. "Force Majeure" does not include Dominick's financial inability to perform any obligation under this Consent Decree.

21.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, as to which Dominick's intends to assert a claim of force majeure, Dominick's shall provide notice in writing, as provided in Section XV (Notices and Submissions) of this Consent Decree, within seven (7) days of the time Dominick's first knew of, or by the exercise of due diligence should have known of, the event. Such notification shall include an explanation and description of the reasons for the delay; the anticipated duration of the delay; a description of all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the

12

effect of the delay; and Dominick's rationale for attributing such delay to a force majeure event. Failure to comply with the above requirements shall preclude Dominick's from asserting any claim of force majeure. Dominick's shall be deemed to know of any circumstance of which Dominick's, its contractors, or any entity controlled by Dominick's knew or should have known.

22.     Dominick's shall have the burden of proving, by a preponderance of the evidence, that each event described in the preceding Paragraph was a force majeure event; that Dominick's gave the notice required by the preceding Paragraph; that Dominick's took all reasonable steps to prevent or minimize any delay caused by the event; and that any period of delay it claims was attributable to the force majeure event was caused by that event.

23.     If the Parties agree that Dominick's could not have prevented or mitigated any delay, or anticipated delay, attributable to a force majeure event by the exercise of due diligence, the Parties shall stipulate to an extension of time for Dominick's's performance of the affected compliance requirement by a period not exceeding the delay actually caused by such event. In such circumstances, the appropriate modification shall be made pursuant to Paragraph 46 where the modification is to a term of this Consent Decree or is a material modification of any Appendix to this Consent Decree. In the event the Parties cannot agree, the matter shall be resolved in accordance with Section XII (Dispute Resolution). An extension of time for performance of the obligations affected by a force majeure event shall not, of itself, extend the time for performance of any other obligation.

## XII. DISPUTE RESOLUTION

24.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising

under or with respect to this Consent Decree. However, such procedures shall not apply to actions by Plaintiff to enforce obligations of Dominick's that have not been disputed in accordance with this Section.

25. Any dispute which arises under or with respect to this Consent Decree shall first be the subject of informal negotiations. The period of informal negotiations shall not exceed twenty (20) days from the time Dominick's sends Plaintiff a written Notice of Dispute in accordance with Section XV (Notices and Submissions), unless that period is modified by written agreement. Such Notice of Dispute shall state clearly the matter in dispute. The failure to submit a Notice of Dispute within ten days from the date upon which the issue in dispute first arises waives Dominick's right to invoke dispute resolution under this Section.

26. If the Parties cannot resolve a dispute by informal negotiations pursuant to the preceding Paragraph, then the position advanced by Plaintiff shall be considered binding unless, within fifteen (15) working days after the conclusion of the informal negotiation period, Dominick's invokes formal dispute resolution procedures by serving on the Plaintiff, in accordance with Section XV (Notices and Submissions), a written Statement of Position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation.

27. Within fifteen (15) working days after receipt of Dominick's Statement of Position, Plaintiff will serve on Dominick's its Statement of Position, including any supporting factual data, analysis, opinion or documentation. Within ten (10) working days after receipt of Plaintiff's Statement of Position, Dominick's may submit a Reply.

28. The Director of the Air Division in EPA Region 5 will issue a final decision on the matter in dispute. Dominick's may seek review of that decision only by filing a motion for

14

review by this Court within fifteen (15) working days of receipt of EPA's decision. In addition to containing the supporting factual data, analysis, opinion, and documentation upon which Dominick's relies, the motion shall describe the history of the matter in dispute, the relief requested, and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree. The standard of judicial review for disputes under this Section shall be governed by applicable principles of law.

29.    The invocation of dispute resolution procedures under this Section shall not extend, postpone, or affect in any way any obligation of Dominick's under this Consent Decree, not directly in dispute, unless Plaintiff agrees or the Court rules otherwise. Stipulated penalties with respect to the disputed matter shall continue to accrue from the first day of noncompliance, but payment shall be stayed pending resolution of the dispute. To the extent Dominick's does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section IX (Stipulated Penalties).

## XIII. EFFECT OF CONSENT DECREE

30.    Dominick's payment of the Civil Penalty as set forth in Paragraph 11 and compliance with the requirements of Section VI (Compliance and Injunctive Relief) shall constitute a full and complete settlement and shall be in satisfaction of the United States' claim for civil penalties and injunctive relief under Section 113(b) of the Act, 42 U.S. C. § 7314(b), with regard to the violations alleged in the United States' Complaint at the 29-Facilities and as described in the Paragraph I.E. of this Consent Decree, through date of the lodging of this Consent Decree.

31.    This Consent Decree does not pertain to any matters except as expressly set forth herein. The United States reserves any claims for criminal liability, if any, for the matters

15

addressed in this Consent Decree.

## XIV. EFFECTIVE DATE/FINAL JUDGMENT

32. The effective date of this Consent Decree shall be the date upon which this Consent

Decree is entered by the Court.

33. Upon approval and entry of this Consent Decree by the Court, this Consent Decree

shall constitute the final judgment between and among the United States and Dominick's. The

United States shall be deemed a judgment creditor for purposes of any unpaid amounts of the

civil penalty and any stipulated penalties and interest.

## XV. NOTICE AND SUBMISSION OF DOCUMENTS

34. Whenever under the terms of this Consent Decree a report, statement, or other

document is to be certified, it shall be certified by a knowledgeable officer of the company under

penalty of law that the information contained in such report, statement, or document is true,

accurate, and complete by signing the following statement:

> I certify under penalty of law that I have examined and am familiar with information
> submitted in this document and all attachments and that, based on my inquiry of those
> individuals immediately responsible for obtaining the information, I believe that the
> information is true, accurate, and complete. I am aware that there are significant penalties
> for submitting false information, including the possibility of fines and imprisonment.

35. Whenever under the terms of this Consent Decree any notice is to be given, or a

report or other document is to be forwarded, by one party to another, it shall be directed to the

following addresses unless the sending party has been advised in writing by the receiving party

that such notice and reports should be forwarded to a different individual or address.

Notifications to or communications shall be deemed submitted on the date they are either:

hand-delivered; postmarked and sent by certified mail, return receipt requested; sent by facsimile;

16

or sent by overnight courier service. Any such materials shall include a reference to the name,

caption and number of this action.

<u>As to the United States:</u>

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
Post Office Box 7611
Ben Franklin Station
Washington, D.C. 20044

<u>As to EPA</u>:

Director Air Enforcement Division
U.S. EPA
Ariel Rios Building
1200 Pennsylvania Ave., N.W.
Mail Code 2242-A
Washington, D.C. 20460

Compliance Tracker
Air Enforcement Branch, AE-17J
U.S. EPA, Region 5
77 W. Jackson Blvd.
Chicago, IL 60604-3507

and

Cynthia A. King
Office of Regional Counsel
U.S. EPA, Region 5
C-14J
77 W. Jackson Blvd.
Chicago, IL 60604-3507

<u>As to the Defendant:</u>

Valerie Lewis
Senior Corporate Counsel
5918 Stonebridge Mall Road
Pleasanton, CA 94588-3229

and

Cary Perlman, Esq.
Latham & Watkins
5800 Sears Tower
Chicago, IL 60606

## XVI. RETENTION OF JURISDICTION/TERMINATION OF DECREE

36. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

37. This Consent Decree shall terminate after Dominick's has fulfilled all of its obligations under this Consent Decree. To terminate this Consent Decree, Dominick's shall submit a certification to the United States, at the addresses set forth in Paragraph 35, stating that Dominick's has fully complied with all of the requirements of this Consent Decree. Within forty-five (45) days after receiving such a certification the United States shall either: (a) file the certification with the Court together with a notice that the United States does not object to the termination of the Consent Decree; or (b) notify Dominick's in writing that the United States does not agree that Dominick's has complied with all the requirements of this Consent Decree. If the United States objects to the termination of the Consent Decree, the Parties shall attempt to resolve the disagreement within thirty (30) days after Dominick's receives the notice of disagreement from the United States. If the Parties are unable to resolve the disagreement, Dominick's may petition the Court to resolve the disagreement.

## XVII. INTEGRATION/APPENDICES

38. This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this

18

Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree and its appendices.

39. The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the List of 29-Facilities;

"Appendix B" is the List of Commercial Refrigeration Systems to be Replaced .

## XVIII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

40. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Defendant consents to the entry of this Consent Decree without further notice.

41. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIX. SIGNATORIES/SERVICE

42. The undersigned representative of Dominick's and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

43. Dominick's hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified

Dominick's in writing that it no longer supports entry of the Consent Decree.

44. The person identified in Paragraph 35 above are the name and address of an agent who is authorized to accept service of process by mail on behalf of Dominick's with respect to all matters arising under or relating to this Consent Decree. Dominick's hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Dominick's need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XX. GENERAL PROVISIONS

45. Each party to this action shall bear its own costs and attorneys' fees.

46. There shall be no modification of this Consent Decree without written agreement by both Parties which must be filed with the Court. Material modifications of this Consent Decree may be made only with the approval of the Court.

SO ORDERED THIS ___ DAY OF _____, 2003

_____

UNITED STATES DISTRICT JUDGE
Northern District of Illinois

20

U.S. v. Dominick's Finer Foods, L.L.C.
Civil Action No:

FOR PLAINTIFF, THE UNITED STATES OF AMERICA:


Date 1/12/04

Thomas L. Sansonetti
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
10th & Pennsylvania Avenue, N.W.
Washington, DC 20530


Date _____

William D. Brighton
Assistant Chief
Environment and Natural Resources Division
U.S. Department of Justice
1425 New York Avenue, N.W.
Washington, DC 20005


UNITED STATES ATTORNEY

PATRICK J. FITZGERALD
United States Attorney


Date 1/16/04

By: Lara S. Kaufmann
Assistant United States Attorney
219 South Dearborn Street
Chicago, IL 60604
Telephone: (312) 353-1996

U.S. v. Dominick's Finer Foods, L.L.C.
Civil Action No:

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

Date  10/31/03

John Peter Suarez
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

U.S. v. Dominick's Finer Foods, L.L.C.
Civil Action No:

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:


Date _10/27/03_


Thomas V. Skinner
Regional Administrator, Region 5
U.S. Environmental Protection Agency
77 West Jackson Blvd.
Chicago, Il 60604-3590

U.S. v. Dominick's Finer Foods, L.L.C.
Civil Action No:

FOR DEFENDANT, DOMINICK'S FINER FOODS, L.L.C.:


_Valerie D. Lewis_                          Date _October 9, 2003_

Valerie Lewis
Senior Corporate Counsel
5918 Stonebridge Mall Road
Pleasanton, CA 94588-3229

## APPENDIX A -- 29 FACILITIES

| STORE # | ADDRESS | CITY | ST | ZIP | PHONE # | FAX # |
|---------|---------|------|-----|------|---------|-------|
| 0077 | 290 Hawthorn Village Commons | Vernon Hills | IL | 60061 | (847) 816-3900 | (847) 247-0946 |
| 0095 | 3649 N. Central Ave. | Chicago | IL | 60634 | (773) 685-2900 | (773) 685-3587 |
| 1008 | 8700 S. Cicero Ave. | Oak Lawn | IL | 60453 | (708) 422-3906 | (708) 422-4854 |
| 1014 | 1020 Waukegan Rd. | Glenview | IL | 60025 | (847) 729-1500 | (847) 729-3362 |
| 1028 | 1145-55 Mt. Prospect Plaza | Mt. Prospect | IL | 60056 | (847) 255-2950 | (847) 398-7407 |
| 1033 | 3012 N. Broadway Ave. | Chicago | IL | 60657 | (773) 549-6100 | (773) 549-4553 |
| 1067 | 17W675 Roosevelt Rd. | Oakbrook Terrace | IL | 60181 | (630) 620-7870 | (630) 620-2461 |
| 1068 | 5233 N. Lincoln Ave. | Chicago | IL | 60625 | (773) 728-4100 | (773) 728-9124 |
| 1080 | 325 Palatine Rd. | Arlington Hts. | IL | 60004 | (847) 870-9630 | (847) 870-0261 |
| 1113 | 6312 N. Nagle Ave. | Chicago | IL | 60646 | (773) 774-6006 | (773) 774-8353 |
| 1133 | 8900 Greenwood Ave. | Niles | IL | 60714 | (847) 298-8500 | (847) 298-9249 |
| 1136 | 450 Half Day Rd. | Buffalo Grove | IL | 60089 | (847) 634-8500 | (847) 634-8536 |
| 1162 | 1293 E. Higgins Rd. | Schaumburg | IL | 60173 | (847) 413-8023 | (847) 413-0937 |
| 1163 | 1919 Skokie Valley Rd. | Highland Park | IL | 60035 | (847) 266-1177 | (847) 266-0161 |
| 1310 | 1241 Rand Rd. | Prospect Hts. | IL | 60070 | (847) 253-4446 | (847) 253-1839 |
| 1312 | 13180 S. Cicero Ave. | Crestwood | IL | 60445 | (708) 385-4666 | (708) 385-4653 |
| 1314 | 3250 W. 87th St. | Chicago | IL | 60652 | (773) 778-6664 | (773) 778-6222 |
| 1316 | 250 S. Randall Rd. | Elgin | IL | 60123 | (847) 741-3666 | (847) 741-9214 |
| 2084 | 15080 S. LaGrange Rd. | Orland Park | IL | 60462 | (708) 460-7210 | (708) 460-7267 |
| 3002 | 7501 W. North Ave. | River Forest | IL | 60305 | (708) 366-8575 | (708) 366-0046 |
| 3047 | 545 W. Lake St. | Addison | IL | 60101 | (630) 543-0946 | (630) 458-8261 |
| 3071 | 7401 W. 25th St. | North Riverside | IL | 60546 | (708) 442-6082 | (708) 442-3377 |
| 3078 | 7241 Lemont Rd. | Downers Grove | IL | 60516 | (630) 960-3006 | (630) 960-5494 |
| 3123 | 4014 W. Lawrence | Chicago | IL | 60630 | (773) 283-3111 | (773) 205-2086 |
| 3139 | 144 S. Gary Ave. | Bloomingdale | IL | 60108 | (630) 351-8951 | (630) 351-2978 |
| 4075 | 5235 N. Sheridan Rd. | Chicago | IL | 60640 | (773) 728-4300 | (773) 728-0230 |
| 4076 | 3300 W. Belmont | Chicago | IL | 60618 | (773) 588-7740 | (773) 588-4324 |
| 4107 | 3020 S. Wolf Rd. | Westchester | IL | 60154 | (708) 562-4033 | (708) 562-4069 |
| 4111 | 122 W. 79th St. | Chicago | IL | 60620 | (773) 783-7117 | (773) 962-0846 |

## APPENDIX B -- LIST OF COMMERCIAL REFRIGERATION SYSTEMS TO BE RETROFITTED

| Store | Type | Rack | Charge # |
|-------|------|------|----------|
| 0077 | R22 | A | 800 |
| | MP39 | C | 600 |
| | " | D | 500 |
| 0095 | R22 | A | 500 |
| | " | B | 500 |
| | " | C | 600 |
| | " | D | 600 |
| | " | E | 600 |
| 1008 | R22 | A | 600 |
| | " | D | 600 |
| 1014 | R22 | A | 600 |
| | " | B | 400 |
| | " | C | 600 |
| | " | E | 500 |
| | " | F | 500 |
| | " | G | 500 |
| | " | H | 500 |
| 1028 | R408 | 1 | 100 |
| | " | 2 | 125 |
| | " | 5 | 60 |
| | " | 17 | 95 |
| | " | 19 | 125 |
| | " | 21 | 75 |
| | " | 30 | 80 |
| | " | 32 | 55 |
| | R409 | 7 | 70 |
| | " | 9 | 60 |
| | " | 10 | 100 |
| | " | 11 | 90 |
| | " | 12 | 80 |
| | " | 13 | 35 |
| | " | 16 | 55 |
| | " | 22 | 85 |
| | " | 23 | 50 |
| | " | 25 | 70 |
| | " | 27 | 45 |
| | " | 33 | 75 |
| | " | 34 | 50 |
| | " | 36 | 75 |
| | " | 38 | 100 |
| | MP39 | 6 | 75 |
| | " | 26 | 75 |
| | " | 35 | 75 |
| 1033 | R22 | B | 800 |
| | " | C | 800 |
| 1067 | R22 | J | 60 |
| 1068 | R22 | C | 700 |
| | " | D | 700 |
| 1080 | R22 | A | 800 |
| | " | C | 500 |
| | " | D | 500 |

| Store | Type | Rack | Charge # |
|-------|------|------|----------|
| 1113 | R22 | E | 500 |
| 1133 | R22 | A | 700 |
| | " | B | 800 |
| | " | C | 700 |
| | " | D | 900 |
| | " | E | 700 |
| 1136 | R22 | A | 700 |
| | " | B | 800 |
| | " | C | 900 |
| | " | D | 900 |
| 1162 | R22 | A | 600 |
| | " | B | 600 |
| | " | C | 650 |
| | " | D | 600 |
| | " | E | 600 |
| | " | F | 600 |
| 1163 | R22 | A | 650 |
| | " | B | 600 |
| | " | C | 600 |
| | " | D | 500 |
| | " | E | 500 |
| | " | F | 600 |
| 1310 | R22 | D | 800 |
| | " | F | 800 |
| 1312 | R22 | A | 900 |
| | " | B | 900 |
| | " | C | 900 |
| | " | D | 900 |
| | " | F | 900 |
| 1314 | R22 | A | 1200 |
| | " | B | 1200 |
| | " | C | 1200 |
| | " | D | 1200 |
| 1316 | R22 | 2 | 1100 |
| | " | 3 | 1000 |
| | " | 4 | 900 |
| 2084 | R22 | A | 600 |
| | " | B | 700 |
| | MP39 | C | 400 |
| | " | D | 400 |
| 3002 | R22 | C | 700 |
| | " | D | 700 |
| | " | E | 700 |

| Store | Type | Rack | Charge # |
|-------|------|------|----------|
| 3047 | R408 | 1 | 50 |
| | " | 2 | 65 |
| | R409 | 10 | 60 |
| | " | 11 | 70 |
| | " | 14 | 60 |
| | " | 15 | 30 |
| | " | 16 | 30 |
| | " | 26 | 50 |
| | " | 27 | 70 |
| | " | 28 | 70 |
| | " | 29 | 60 |
| | " | 30 | 60 |
| | " | 31 | 30 |
| | " | 33 | 50 |
| | " | 34 | 80 |
| | " | 35 | 90 |
| | " | 36 | 65 |
| | " | 37 | 50 |
| | " | 38 | 90 |
| | " | 39 | 70 |
| | " | 40 | 125 |
| | " | 42 | 100 |
| 3071 | R22 | D | 700 |
| | " | E | 700 |
| | | G | 700 |
| 3078 | R22 | A | 600 |
| | MP39 | E | 500 |
| 3123 | R22 | F | 200 |
| 3139 | R22 | A | 700 |
| | " | B | 550 |
| | " | C | 700 |
| | " | D | 700 |
| 4075 | R22 | A | 500 |
| | " | B | 500 |
| | " | C | 500 |
| | " | G | 500 |
| | " | H | 500 |
| | " | I | 500 |
| | " | J | 500 |
| 4076 | R22 | H | 100 |
| 4107 | MP39 | C | 600 |
| | " | D | 600 |
| 4111 | R22 | G | 120 |
| | MP39 | E | 120 |

## AFFIDAVIT OF MAILING

STATE OF ILLINOIS    )
                     )    SS
COUNTY OF C O O K    )


    **ALFREDIA NICHOLS,** being first duly sworn on oath and says that she is employed in the

Office of the United States Attorney for the Northern District of Illinois; that on the **21st,** day of

**JANUARY, 2004,** she placed a copy of the **NOTICE OF LODGING OF CONSENT DECREE**

in an envelope addressed to each of the following named individuals and caused each envelope to

be deposited in the United States mail chute located in the Everett McKinley Dirksen Federal

Building, Chicago, Illinois, on said date at the hour of about **5:00 p.m.**


Cary Perlman, Esq.
**LATHAM & WATKINS**
Sears Tower
**Suite 5800**
**Chicago, Illinois 60606**


SUBSCRIBED and SWORN TO before me this

21st day of JANUARY, 2004

NOTARY PUBLIC

"OFFICIAL SEAL"
Paula M. Gabriel
Notary Public, State of Illinois
My Commission Exp. 01/17/2006